UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EIDER UTRIA BATISTA,

v.                              Case No. 8:19-cr-145-VMC-TGW
                                         8:22-cv-254-VMC-TGW

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court on Eider Utria Batista's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 87), which was filed on December 20, 2021. The United States of America responded on February 24, 2022. (Civ. Doc. # 3). Batista filed a reply on July 15, 2022. (Civ. Doc. # 6). For the reasons that follow, the Motion is denied.

I.   **Background**

On April 3, 2019, a federal grand jury in Tampa returned an indictment against Batista. (Crim. Doc. # 1). Batista was charged with conspiracy to distribute 500 grams of cocaine, as well as a detectable amount of marijuana, in violation of 21 U.S.C. § 846 (Count One), three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) (Counts Two through Four), and possession with

1

intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(b)(1)(C) and (b)(1)(D) (Count Five). (Crim. Doc. ## 1, 39). On October 30, 2019, Batista entered a guilty plea to Counts One through Five. (Crim. Doc. ## 44, 46, 47).

During the change of plea hearing, Batista was placed under oath and — through an interpreter — acknowledged that he read and understood the charges against him. (Crim. Doc. # 80 at 8). Batista expressed satisfaction with the representation provided by his counsel and stated that there was nothing he felt she should have done that she did not do in this case. (Id. at 18). The Court explained the essential elements of all five charges against Batista as well as the potential penalties, and Batista acknowledged understanding them. (Id. at 19-22).

The Court then discussed the lack of a plea bargain due to Batista's objections to some aspects of the factual basis provided by the United States. (Id. at 24). Because he did not agree with some of the facts laid out in a proposed plea agreement, Batista confirmed that he had chosen to plead guilty without the benefit of such an agreement and affirmed that no one had promised him anything in return for his plea, nor had they forced or coerced him to plead guilty. (Id. at 25-26).

2

Batista's sentencing was held on February 14, 2020, during which his counsel presented objections to the factual accuracy of the presentence investigation report. (Crim. Doc. # 59 at 6). Batista's counsel had earlier provided this objection, among other objections, to probation:

> Mr. Batista denies that he is a leader of a drug trafficking organization. Mr. Batista denies arranging for cocaine to be transported by various drivers, boat captains, using various cars trucks or boats to Sarasota.

(Crim. Doc. # 49 at 20).

At sentencing, Batista's counsel summarized his objections as follows:

> The objection to paragraph 26 is the firearm enhancement. The objections to 11 and 28 are the role enhancements that the government and the federal probation officer applied. That is an increase of four levels; and, that is, my client has no control over the behavior of the co-defendants. There was really no one in charge of this organization.

(Crim. Doc. # 59 at 8).

Batista's counsel elaborated on the factors necessary to find a defendant had a leadership position and argued the factors did not support Batista receiving such a designation. (Id.). The United States had categorized him as a leader of the conspiracy referenced in Count One, resulting in a four-level offense enhancement. (Crim. Doc. # 39 at 3, 8). The

United States responded to the objections raised by Batista's counsel, presenting facts supporting the leadership enhancement. (Crim. Doc. # 59 at 16-19). The case agent then testified regarding this issue. (Id. at 24).

After hearing the objections raised by the defense, facts presented by the United States, and the case agent's testimony, this Court determined that the objection should be overruled. (Id. at 35). Later, the Court stated that "the government has established that the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." (Id. at 51). The Court also overruled Batista's objection to the firearm enhancement. (Id. at 20-21).

This Court sentenced Batista to a 135-month term of imprisonment for all counts, followed by five years of supervised release. (Id. at 53-54). Batista appealed, contesting the four-level enhancement for his leadership role. On November 17, 2021, the United States Court of Appeals for the Eleventh Circuit affirmed the sentence after an independent examination of the record, holding that "the district court determined reasonably that the government had established by a preponderance of the evidence that Batista

played a leadership role in a criminal conspiracy involving five or more participants." (Crim. Doc. # 85 at 6).

Now, Batista seeks post-conviction relief, arguing ineffective assistance of counsel based on counsel's allegedly "failing to object to the" four-level leadership enhancement. (Civ. Doc. # 1; Civ. Doc. # 1-1 at 3). The United States has responded. (Civ. Doc. # 3). Batista has replied, attempting to add new claims for relief regarding the leadership enhancement, the firearm enhancement, and alleged promises made by the government before his guilty plea. (Civ. Doc. # 6). The Motion is ripe for review.

## II.  **Discussion**

### A.   **The Motion**

Batista's Motion was timely filed on December 20, 2021. (Civ. Doc. # 1 at 12). The Motion, which asserts a single claim for ineffective assistance of counsel, is cognizable under Section 2255.[1] See Massaro v. United States, 538 U.S.

---

[1] Although Batista listed two grounds for relief in his Motion (Civ. Doc. # 1), his only substantive argument for relief is his claim of ineffective assistance of counsel based on the alleged failure to object to the leadership enhancement. This is because Batista's "Ground Two," labelled "Colorable Sixth Amendment Claim," is simply a demand for an evidentiary hearing on his claim of ineffective assistance of counsel. (Id. at 5; Civ. Doc. # 1-1 at 4). Because "Ground Two" is not a true ground for relief, the Court will address whether an evidentiary hearing is necessary at the end of this Order.

500 (2003) (allowing an ineffective-assistance-of-counsel claim to be brought in a proceeding following a direct appeal under Section 2255). Batista bears the burden of proving that he is entitled to relief under Section 2255. See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015) ("[W]e note that Rivers bears the burden to prove the claims in his § 2255 motion.").

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Batista must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citations omitted). In other words, Batista must show that "no competent counsel would have taken the action that [his] counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable

professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Batista must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

In his Motion, Batista argues his counsel provided ineffective assistance "by failing to object to the [four-level] enhancement of [his] sentence under § 3B1.1 for his 'leadership.'" (Civ. Doc. # 1 at 3). According to Batista, had counsel objected to the leadership enhancement, the enhancement would not have been applied and he would have been sentenced to "42 months that his counsel previously promise[d] to him that he would get if he plead[ed] guilty."[2] (Id.).

---

[2] Batista conclusorily alleges that his counsel promised him a forty-two-month sentence. (Civ. Doc. # 1-1 at 3). He again

Batista's claim fails because he cannot establish by a preponderance of the evidence that his counsel's performance was deficient. The reason is simple: Batista's assertion that his counsel failed to object to the four-level leadership enhancement is belied by the record. Batista's counsel objected to the four-level leadership enhancement on two separate occasions. First, Batista's counsel objected to, among other things, probation's inclusion of the leadership enhancement in the presentence investigation report. (Crim. Doc. # 49 at 15-20). That objection stated that Batista "denies that he is a leader of a drug trafficking organization" and "denies arranging for cocaine to be transported by various drivers, boat captains, using various cars, trucks, or boats to Sarasota." (Id. at 20).

---

asserts this in his reply. (Civ. Doc. # 6 at 3). This allegation is contradicted by Batista's statements at his change of plea hearing, during which Batista acknowledged under oath that no one had "promised [him] anything in order to get [him] to plead guilty." (Crim. Doc. # 80 at 26); see Winthrop-Redin v. United States, 767 F.3d 1210, 1217 (11th Cir. 2014) ("[B]ecause Winthrop-Redin made statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.'" (citation omitted)). Additionally, Batista has provided no evidence to substantiate this allegation. Issues mentioned only in passing are not treated as properly raised claims. Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

Then, at sentencing, Batista's counsel argued more extensively against the characterization of Batista as a leader and application of the leadership enhancement. (Crim. Doc. # 59 at 8-9). Counsel discussed the factors that must be weighed before the enhancement can be applied and argued that these factors did not weigh in favor of characterizing Batista as a leader or organizer. (Id.) Counsel emphasized that Batista had "no control or any authority over any of the others participating." (Id. at 9). Despite these objections being ably raised by Batista's counsel, this Court ruled that the testimony and evidence presented by the United States supported the application of the leadership enhancement. (Id. at 35, 45-51). The Court's overruling an objection does not mean the objection was never raised.

In short, counsel's performance was not deficient because counsel did object to the leadership enhancement. See Perez v. United States, 2015 WL 13402548 at *12 (S.D. Fla. Nov. 17, 2015) (holding that when counsel raises a defense, that defense not resulting in a full acquittal is insufficient to establish ineffective assistance of counsel). Because Batista has failed to establish Strickland's first prong, this Court does not need to address the issue of prejudice.

In short, Batista has failed to prove his claim of ineffective assistance of counsel based on the leadership enhancement.

    **B.    The Reply**

    The Court notes that Batista raised additional claims for the first time in his reply brief, including that he should not have received a firearm enhancement at sentencing, that the leadership enhancement should not have applied because the government has not proved that five participants were involved in the criminal activity, and that the government had promised Batista that it would not seek a gun enhancement and he would only receive a five-year sentence if he pled guilty. (Civ. Doc. # 6 at 2-3). But new claims for relief may not be raised for the first time in a reply. See Oliveiri v. United States, 717 F. App'x 966, 967 (11th Cir. 2018) ("[T]he district court did not violate Clisby by failing to address his claim that his counsel was ineffective for failing to object to the sentencing court's U.S.S.G. § 2B1.1(b)(11)(C)(i) enhancement. Oliveiri did not present this claim in his § 2255 motion, but rather raised it for the first time in his reply to the government's response. By doing so, he waived the claim. Although Clisby requires a district court to resolve every claim properly presented in a § 2255 motion, it does not require the court to address a claim that a movant

waives by failing to raise it until his reply brief."
(citations omitted)). Thus, these claims raised for the first
time in the reply are deemed waived.

Even if these new claims were properly raised, Batista
has fallen far short of establishing entitlement to relief.
As for the government's alleged promises made before Batista
pled guilty, Batista's own statements under oath at his change
of plea hearing contradict his allegations now. Again, at
that hearing, Batista affirmed that no one had "promised [him]
anything in order to get [him] to plead guilty." (Crim. Doc.
# 80 at 26). He also affirmed that no one "forced [him] or
coerced [him] in order to get [him] to plead guilty." (Id. at
25). "There is a strong presumption that statements made
during the plea colloquy are true. Consequently, a defendant
bears a heavy burden to show that his statements under oath
were false." Patel v. United States, 252 F. App'x 970, 975
(11th Cir. 2007) (citations omitted) (rejecting a claim of an
involuntary plea based on counsel's alleged promise of a two-
or three- year sentence because these allegations were "in
direct conflict with his statements during the plea colloquy,
and he [had] produced no evidence to challenge the veracity
of his sworn testimony"); see also Winthrop-Redin, 767 F.3d
1210, 1217 (11th Cir. 2014) ("[B]ecause Winthrop-Redin made

11

statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.'" (citation omitted)). Batista has not met the heavy burden of showing that his statements under oath during the plea colloquy were false.

Regarding the leadership enhancement, Batista now suggests that counsel was ineffective for not focusing his argument against the leadership enhancement on the number of participants in the criminal conduct. According to him, "there are not enough defendants in his case for him to be a leader" under USSG § 3B1.1(a), which only applies when the criminal activity involved five or more participants, because "there are only four participants" in this case. (Civ. Doc. # 6 at 3). But the Court of Appeals has already rejected this argument about the number of participants:

> The record also evidences sufficiently that the drug-trafficking operation involved five or more participants. In addition to undisputed evidence of involvement by Batista and by Calvo, Agent Brooks testified [at sentencing] about the activities of Agostines Perez and identified two other co-conspirators (Jose Gonzalez Perez and Miker Pupo) who were each involved in drug-trafficking activities at the stash house.

(Crim. Doc. # 85 at 6). Thus, Batista's argument about the number of participants lacks merit because evidence of five participants was provided at sentencing. Because the argument

12

lacks merit, counsel was not ineffective for failing to raise it during sentencing and Batista has suffered no prejudice. See Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit."); see also United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client.").

Nor is the Court persuaded by Batista's argument about the firearm enhancement. Batista does not argue that counsel was ineffective for failing to object to the firearm enhancement.[3] Instead, Batista merely argues that the firearm enhancement should not have been applied because it "was a legal gun" that he kept to protect his family and his jewelry business. (Civ. Doc. # 6 at 2). Thus, he insists the gun "had nothing to do with the drug[s]" and that the government had agreed not to seek a firearm enhancement. (Id.). The Court

---

[3] Nor could he make such an argument. Counsel did object to the firearm enhancement. He argued in his written objections to the presentence investigation report that Batista "denies that the firearm was used in furtherance of his cocaine sales" and that Batista "acquired the firearm because he is in the jewelry business" (Crim. Doc. # 49 at 20) — the same arguments Batista makes in his reply. Counsel also raised this objection to the firearm enhancement at sentencing, which was overruled. (Crim. Doc. # 59 at 7-8, 20-21).

13

has already dealt with Batista's allegations of promises by the government. As for the firearm enhancement itself, it does not appear that Batista argued this enhancement was inappropriate on direct appeal, despite his ability to do so. Regardless, sufficient evidence was presented during sentencing to support imposition of the firearm enhancement and none of Batista's allegations undermine that. See, e.g., (Crim. Doc. # 59 at 15) ("Inside that same bedroom where they found the gun in the top drawer with $24,000 of cash, they also found a significant amount of cocaine and marijuana. . . . So given the defendant's occupation, given his sort of enterprise, it's not surprising that he would keep a gun handy to defend himself, his cash, and his proceeds.").

For all these reasons, Batista's Motion is denied.

## III. **Evidentiary Hearing**

As the Court was able to readily determine that the claim lacks merit, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232–33 (11th Cir. 2015)("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that

would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

## IV.  **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

The Court declines to issue a certificate of appealability because Batista has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Batista to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Batista shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Eider Utria Batista's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 87) is **DENIED.** The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u>

day of August, 2022.

_Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE